FILED

2011 SEP 27 PM 2

S... ...IC CL
U.S. ...
FOR THE NORTHERN COURT
OF INDIANA BIST

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

WILLIE KEY and LUANN
KEY,
    Plaintiff,

vs.                                     Civil Action No.

UNITED STATES STEEL CORPORATION         2 11 CV 362
    Defendant.

## COMPLAINT

COMES NOW, Plaintiffs, Willie and Luann Key, by counsel, Brian J. Hurley, and for their

complaint against the Defendant, UNITED STATES STEEL CORPORATION (hereinafter "USS"),

states as follows:

## JURISDICTIONAL ALLEGATIONS

1.    The PLAINTIFFS are residents of the city of Hobart, Lake County, Indiana.

2.    That USS is a for profit corporation existing under the laws of the state of Indiana, and doing

      business in Gary, Indiana.

3.    That this Court has personal jurisdiction over the parties.

4.    That this Court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. §

      1331 based on federal question under Title VII of the Civil Rights Act prohibiting

      discrimination in employment based on race and Titles I and V of the Americans with

      Disabilities Act prohibiting discrimination based on disability.

5.    That this Court has supplemental jurisdiction under 28 U.S.C. § 1367 which grants this Court

      supplemental jurisdiction over the state law claims.

1

6.      That venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

COMES NOW, the Plaintiffs, Willie Keys and Luann Keys, by counsel Brian J. Hurley, of

DOUGLAS, KOEPPEN, and HURLEY, and for their cause of action against the Defendant, United

States Steel Corporation, states as follows:

7.      At all times relevant to this action, the PLAINTIFF, Willie Key, was an employee of the

DEFENDANT, USS.

8.      At all times relevant to this action, the DEFENDANT, USS, was the employer of the

PLAINTIFF pursuant to the applicable definition of the term 'employer' under the Civil

Rights Act and the Americans with Disabilities Act.

9.      At all times relevant to this action, the DEFENDANT, USS, was subject to the laws of the

United States of America including, but not limited to, the Civil Rights Act and the

Americans with Disabilities Act ("ADA") and, as such, USS has an affirmative duty to

refrain from discriminating against its employees based upon disability and race.

10.     At all times relevant to this action, the PLAINTIFF, Willie Key, is an individual with a

disability as defined by 42 U.S.C. § 12102(1) of the ADA wherein such disability contains

a mental or physical impairment that substantially limits one of more major life activities,

and has a record of such impairment, or is regarded as having a disability or disabilities. The

PLAINTIFF's disability, as defined by the ADA, includes, but is not limited to, diabetes

myelitis.

11.     At all times relevant to this action, the PLAINTIFF, Willie Key, is a member of a particular

class of employees who are protected from discrimination pursuant to the Civil Rights Act

due to the PLAINTIFF's status as a disabled employee and who is Black and Hispanic.

12. Pursuant to his disability, as defined by the ADA, the PLAINTIFF has a subcutaneous pump which controls insulin introduction into his system allowing hormonal balance to be achieved. The pump does not function in high temperatures and high temperatures cause the pump to fail. Once the pump fails because of heat exposure, it must be replaced. Heat effects both the insulin itself and the function of the insulin pump.

13. That PLAINTIFF worked for USS at the Coke Battery. Due to excessive heat at the Coke Battery, the Plaintiff's health conditions were exacerbated. The heat from the battery affected the PLAINTIFF'S medical condition and the prescribed treatment of that condition. Due to Plaintiff's disability he is required to take certain medications which allow him to function properly in the work place.

14. Despite PLAINTIFF'S objection to the heat exposure while engaged in his duties on the job, and the concomitant negative impact upon the PLAINTIFF'S prescribed treatment for his disability created thereby, USS refused to accommodate him by either reassigning him or moving him to a different job.

15. In the case of disability, upon disclosure of said disability, USS had an affirmative duty pursuant to the dictates of the ADA to accommodate said disability. USS failed to accommodate PLAINTIFF'S disability. As such, USS's refusal to accommodate the PLAINTIFF's disability was in violation of the PLAINTIFF's rights under the constitution and laws of the United States of America.

16. Furthermore, USS discriminated against the PLAINTIFF by not accommodating the PLAINTIFF in the taking of his medications which constituted the prescribed treatment for

3

the PLAINTIFF's disability.

17.   That on or about August, 2010 and January 2011, the PLAINTIFF missed work due to illness. USS demanded, on both occasions that the PLAINTIFF provide justification for the absences, which the PLAINTIFF provided.  Despite the justification and proof of sickness, the PLAINTIFF was disciplined for being absent from work without valid excuse.  That the discipline imposed was based on pretext and actual reason for the imposition was discrimination.

18.   Despite its direct knowledge of PLAINTIFF'S ailment as a member of a class of disabled employees based on medical records accumulated by the internal USS clinic and other information, USS never accommodated the ailment of the PLAINTIFF.

19.   As a direct result of USS's failure to acknowledge and/or accommodate the disability of the PLAINTIFF, USS caused the termination of the PLAINTIFF.  As such, USS discriminated against Willie Key by imposing negative employment consequences on him in violation of the ADA.

20.   PLAINTIFFS timely filed a complaint before the EEOC in Indianapolis Indiana, and said complaint resulted in a letter of dismissed and notice of right to sue.  The Dismissal is attached hereto and made a part hereof as Exhibit A. The dismissal was entered, without a full and fair hearing on the merits and is not binding except that it evidences the PLAINTIFFS' exhaustion of their remedies at the agency level and provides the right to currently pursue this matter before the Court.

21.   Pursuant to the aforementioned action before the EEOC, USS intentionally and maliciously ignored its own records to the detriment of the PLAINTIFF by arguing before federal

4

officials that the PLAINTIFF was suspended and discharged due to failure to report absences.  This defense by USS was fabricated despite USS's knowledge and possession of the justifications for PLAINTIFF's absence(s).  USS's reason for engaging in this conduct was purposely to avoid detection of engaging in employment practices that violate the civil rights of employees.  As a result of the conduct of USS, the EEOC issued a right to sue letter to PLAINTIFF finding a lack of evidence of discrimination.  See Exhibit A attached hereto and made a part hereof.

22.    That USS discriminated against PLAINTIFF by maintaining and issuing negative information which caused the imposition of negative employment consequences against the PLAINTIFF. That said actions by USS discriminated against the PLAINTIFF as the same were pre-textual and were actually motivated by a desire to discriminate against the PLAINTIFF, based on his status as a disabled employee and his race which is nonwhite.

23.    That the actions by USS, were malicious and malevolent. The acts of USS were also in bad faith and sufficiently overzealous and aggravated, therefore justifying an award of punitive damages.

24.    That pursuant to the laws of the State of Indiana, Plaintiffs are entitled to relief for intentional infliction of emotional distress.

25.    The employees of USS, in their supervisory capacity over the PLAINTIFF, Willie Key, acted in such a way as to cause mental and emotional distress on the PLAINTIFF and, as such, the PLAINTIFF is entitled to judgment for intentional infliction of emotional distress pursuant to the laws of the State of Indiana.

5

26.    That PLAINTIFF, Luann Key, as the wife of Willie Key, is entitled to bring this action under the laws of the State of Indiana based upon her loss of consortium due to the damages suffered by Willie Key as a direct and natural consequence of the actions of the DEFENDANT, USS.

WHEREFORE, the Plaintiffs, Willie Key and Luann Key, by counsel, Brian J. Hurley of Douglas, Koeppen & Hurley, requests that this Court enter a judgment against the Defendant, USS, for damages in an amount sufficient to compensate them for back and front pay, wages and benefits, damages for mental and emotional distress from the discrimination, intentional infliction of emotional distress, and lost services. Plaintiffs also request all other relief which may be appropriate under the circumstances including but not limited to attorney fees and Punitive damages. Plaintiff prays for trial by jury on all issues.

RESPECTFULLY SUBMITTED,

Brian J. Hurley, 8519-49
DOUGLAS, KOEPPEN & HURLEY
P.O. Box 209; 14 Indiana Ave.
Valparaiso, IN 46383
P:(219)-462-2126; F:(219)-477-4408
Email: bhurley@dkhlaw.org

6

EEOC Form 161 (11/09)                     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Willie Key<br>257 W. US Hwy 6<br>Valparaiso, IN 46385 | From: Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24E-2011-00090 | Randy G. Poynter,<br>Enforcement Supervisor | (317) 226-5670 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations** that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Webster N. Smith,
District Director

JUL - 5 2011

Enclosures(s)                                                                                              (Date Mailed)

cc:   William Dittrich
      Labor Relations Representative
      US STEEL CORP
      1 N Broadway
      MS 99 K-D
      Gary, IN 46402

EXHIBIT

tabbies

A

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*